UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | Case No: 07-41219-swr |
| Michelle Amy Cole (xxx-xx-9880) ) | |
| 23801 Columbus ) | Chapter 13 |
| Warren, MI 48089 ) | |
| Debtors ) | Hon. Steven W. Rhodes |

**DEBTOR'S PROPOSED CHAPTER 13 PLAN MODIFICATION POST-CONFIRMATION**

NOW COMES Debtor, by and through Counsel, and for this Proposed Chapter 13 Plan Modification Post-Confirmation, states as follows:

1. Debtor filed for Chapter 13 Bankruptcy relief on June 1, 2007.
2. Debtor's Chapter 13 plan was confirmed by this Court on April 20, 2007.
3. Debtors have experienced the following change in circumstances since the filing of his petition:
    a. Debtors plan as originally put together proposed to pay a 16% dividend to unsecured creditors. The original plan proposed to "cram down" the claim of Hunter Financial, effectively treating this claim as an unsecured creditor. Thus, at the time of plan proposal, the plan calculations assumed that the claim of Hunter Financial was an unsecured claim, to be paid on a pro rata basis with other unsecured creditors. On this assumption, the plan proposed to pay 16%.
    b. However, Hunter Financial objected, and the resolution at confirmation was that Hunter Financial would be paid as a secured claim of $5,000.00. With the claim of Hunter Financial now being considered a secured claim, this necessarily had to affect the amount that other unsecured creditors would receive. What should have happened is that the dividend to unsecured creditors should have been reduced to reflect the fact that less money would be available to unsecured creditors because Hunter Financial was now being treated as secured.
    c. Debtor proposes to reduce the dividend to unsecured creditors to 5%. All unsecured creditors have been paid this much and since Debtor has made all her plan payments, this is what the plan would have paid out after the change in treatment of the claim of Hunter Financial. This will allow Debtor to finish her plan on time and as originally scheduled. Indeed, the original plan length of 36 months has now run.
    d. Debtor has made all of her plan payments as scheduled and has a sterling pay history.

e. Of note, Debtors original plan and the order confirming plan did *not* require Debtor to pay over her tax refunds to the Chapter 13 Trustee because Debtor used the earned income credit/refund to help care for her handicapped daughter.

4. Debtor proposes the following modifications to the Chapter 13 plan:
    a. The dividend to unsecured creditors shall be reduced to 5%.
    b. In all other respects, Debtor's Chapter 13 Plan, as last amended or modified, shall remain unchanged.

5. The proposed modification will affect creditors as follows:
    a. Class 1 Creditors: No impact.  Class 1 creditors have been paid in full.
    b. Class 2 Creditors: No impact.  No class 2 creditors.
    c. Class 3 Creditors: No impact.  No class 3 creditors.
    d. Class 4 Creditors: No impact.  No class 4 arrearages.
    e. Class 5 Creditors: No impact.  Class 5 creditors have been paid in full.
    f. Class 6 Creditors: No impact.  No class 6 creditors.
    g. Class 7 Creditors: No impact.  No class 7 creditors.
    h. Class 8 Creditors: Unsecured creditors will be impacted.  However, the amount received is what would have been received at the original payment amount anyways.  The change in dividend would have resulted in any event from the change in treatment of the Hunter Financial claim.

6. An amended worksheet and liquidation analysis is attached as Exhibit A.

WHEREFORE, Debtor requests that this honorable Court modify the Chapter 13 Plan as proposed in paragraph (4) above.

Respectfully Submitted,

*/s/ Brian Rookard*
Michael A. Greiner (P-68241)
Brian A. Rookard (P-69836)
Financial Law Group, PC
Attorneys for Debtor
29405 Hoover Rd
Warren, MI 48093
Phone:  (586) 693-2000
Email:  mike@financiallawgroup.com
            brian@financiallawgroup.com

Dated: April 28, 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No: 07-41219-swr |
| Michelle Amy Cole (xxx-xx-9880) | ) | |
| 23801 Columbus | ) | Chapter 13 |
| Warren, MI 48089 | ) | |
| Debtors | ) | Hon. Steven W. Rhodes |

**NOTICE OF DEBTOR'S PROPOSED CHAPTER 13 PLAN**
**MODIFICATION POST-CONFIRMATION**

Debtor has filed papers with the Court for the purposes of modifying the Chapter 13 Plan post-confirmation in the above Case. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to enter an order granting Debtor the requested relief, or if you want the Court to consider your view on the Proposed Plan Modification, then within (21) twenty-one days from the date of service of this Notice and Proposed Plan Modification, you or your attorney must:

1. File with the Court a written objection, explaining your position, at:[1] United States Bankruptcy Court; 211 West Fort Street, Suite 2100; Detroit, MI 48226

If you mail your objection to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

You must also mail a copy to:

| | |
|---|---|
| Financial Law Group, P.C. | Chapter 13 Trustee – Krispen Carroll |
| 29405 Hoover Road | 719 Griswold, Suite 1100 |
| Warren, MI 48093 | Detroit, MI 48226 |

2. If an objection is timely filed and served, the clerk will schedule a hearing on the Proposed Plan Modification and you will be served with notice of the date, time and location of that hearing. **If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought and may enter an order granting that relief.**

                                                */s/ Brian Rookard*
                                                Michael A. Greiner (P-68241)
                                                Brian A. Rookard (P-69836)
                                                Financial Law Group, PC
                                                Attorneys for Debtor
                                                29405 Hoover Rd
                                                Warren, MI 48093
                                                Phone: (586) 693-2000
                                                Email: mike@financiallawgroup.com
                                                            brian@financiallawgroup.com

Dated: April 28, 2010

---

[1] Response or answer must comply with F.R. Civ.P. 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No: 07-41219-swr |
| Michelle Amy Cole (xxx-xx-9880) | ) | |
| 23801 Columbus | ) | Chapter 13 |
| Warren, MI 48089 | ) | |
| Debtors | ) | Hon. Steven W. Rhodes |

**CERTIFICATION OF NO OBJECTION TO DEBTOR'S PROPOSED CHAPTER 13 PLAN MODIFICATION POST-CONFIRMATION**

Brian Rookard, being duly sworn, states as follows:

On ___ Debtor's Proposed Chapter 13 Plan Modification Post-Confirmation was filed with this Court and served upon all creditors on the mailing matrix and the Chapter 13 Trustee.

To the best of my information, knowledge and belief, no response or objection has been timely filed with this Court.

**THEREFORE, EFFECTIVE UPON FILING OF THIS CERTIFICATE AND SERVICE UPON THE CHAPTER 13 TRUSTEE OF THIS CERTIFICATE**, Debtor's Chapter 13 Plan is modified as follows:

1. The dividend to unsecured creditors is reduced to 5%.
2. In all other respects, Debtor's Chapter 13 Plan, as last amended or modified, shall remain unchanged.

                                        */s/ Brian Rookard*
                                        Michael A. Greiner (P-68241)
                                        Brian A. Rookard (P-69836)
                                        Financial Law Group, PC
                                        Attorneys for Debtor
                                        29405 Hoover Rd
                                        Warren, MI 48093
                                        Phone: (586) 693-2000
                                        Email: mike@financiallawgroup.com
                                                   brian@financiallawgroup.com

**N. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | 61,520.00 | 83,353.21 | 0.00 | 0.00 | 0.00 |
| **VEHICLES** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **HHG/PERSONAL EFFECTS** | 2,400.00 | 0.00 | 2,400.00 | 2,400.00 | 0.00 |
| **JEWELRY** | 100.00 | 0.00 | 100.00 | 100.00 | 0.00 |
| **CASH/BANK ACCOUNTS** | 540.00 | 0.00 | 540.00 | 540.00 | 0.00 |
| **OTHER** | 5,481.35 | 0.00 | 5,481.35 | 5,481.35 | 0.00 |

Amount available upon liquidation $ **0.00**

Less administrative expenses and costs $ **0.00**

Less priority claims $ **0.00**

Amount Available in Chapter 7 $ **0.00**

---

/s/ Michael Greiner
**Michael Greiner**
Attorney for Debtor
**Financial Law Group, P.C.**
**29405 Hoover**
**Warren, MI 48093**

mike@financiallawgroup.com
**586-693-2000 Fax:586-693-2000**
Phone Number

/s/ Michelle Amy Cole
**Michelle Amy Cole**
Debtor

_____

Joint Debtor

**April 28, 2010**
Date

*Model Plan Version 2.0 - 05/01*

**WORKSHEET**

1. Length of Plan is _____ weeks; **0** months; _____ years.
   **(remaining)**

   Debtor #1:

2. $ __**477.24**__ per pay period x  ( **Bi-weekly** )  **0** pay periods per Plan = $ __**0.00**__ total per Plan

   Debtor #2:

   $ _____ per pay period x  ( ) _____ pay periods per Plan = $ _____ total per Plan

3. $ _____ per period x _____ periods in Plan =

4. Lump Sums: **0.00**

5. Equals total to be paid into the Plan **0.00**

6. Estimated trustee's fees **0.00**

7. Attorney fees and costs **0.00**

8. Total priority claims **0.00**

9. Total installment mortgage or other long-term debt payments **0.00**

10. Total of arrearage including interest **0.00**

11. Total secured claims, including interest **0.00**

    Total of items 6 through 11     $ **0.00**

12. Funds available for unsecured creditors (item 5 minus item 11)     $ **(0.00 + $1,429.37 already paid = ) 1,429.37**

13. Total unsecured claims (if all file)     $ **24,992.13**

14. Estimated percentage to unsecured creditors under Plan (item 12 divided by item 13)     **5.7** %

15. Estimated dividend to general unsecured creditors if Chapter 7, (see liquidation analysis attached)     $ **0.00**

COMMENTS:

*Model Plan Version 2.0 - 05/01*

*6*

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     **Best Case Bankruptcy**